WILLIAM BLUMENTHAL
General Counsel

JANIS CLAIRE KESTENBAUM, DC BAR # 449265
GARY L. IVENS, DC BAR # 415004
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., NW, Room 286
Washington, D.C. 20580
Phone: (202) 326-2798
Fax: (202) 326-3395
Email: jkestenbaum@ftc.gov, givens@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**San Jose Division**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>VARIOUS, INC., a California Corporation, also doing business as ADULTFRIENDFINDER, ADULTFRIENDFINDER.COM, and CAMS.COM,<br><br>Defendant. | CIVIL NO.<br><br>CV 07  6181 JF<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF**<br><br>HRL |

Plaintiff, the Federal Trade Commission ("FTC"), for its complaint alleges as follows:

1. The Commission brings this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to obtain permanent injunctive relief against Defendant Various, Inc., also d/b/a AdultFriendFinder, AdultFriendFinder.com, and Cams.com ("Defendant"), to prevent it from engaging in unfair acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

**JURISDICTION**

2. This Court has subject matter jurisdiction under 15 U.S.C. §§ 45(a), 53(b), and 28 U.S.C. §§ 1331, 1337(a), and 1345.

**VENUE**

3. Venue in the United States District Court for the Northern District of California is proper under 15 U.S.C. § 53(b), as amended by the FTC Act Amendments of 1994, Pub. L. No.

**COMPLAINT**

1  103-312, 108 Stat. 1691, and 28 U.S.C. §§ 1391(b) and (c).

## INTRADISTRICT ASSIGNMENT

4. Defendant's principal place of business is in Santa Clara County, California. Under Local Rule 3-2(e), assignment to the San Jose Division of this District is proper.

## PLAINTIFF

5. Plaintiff, the FTC, is an independent agency of the United States government created by statute. 15 U.S.C. §§ 41-58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits deceptive or unfair acts or practices in or affecting commerce. The FTC is authorized to initiate federal district court proceedings by its attorneys to enjoin violations of the FTC Act and to secure such equitable relief as may be appropriate in each case. 15 U.S.C. § 53(b).

## DEFENDANT

6. Various, Inc. is a for-profit California corporation with its principal place of business at 445 Sherman Avenue, Palo Alto, California. Defendant Various does and has done business under numerous trade names, including, but not limited to: "AdultFriendFinder," "AdultFriendFinder.com," "Cams.com," "ALT.com," "Passion.com," "OutPersonals.com," "GayFriendFinder.com," "AllPersonals.com," and "NudeCards.com." Defendant Various provides online adult-oriented products and services to consumers. Through its AdultFriendFinder and AdultFriendFinder.com trade names, Defendant Various markets and sells online adult-oriented social networking services to consumers, including what it touts as "The World's Largest Sex & Swingers Personals Community." On its AdultFriendFinder website (http://www.AdultFriendFinder.com), Defendant offers consumers the opportunity to purchase a membership and access other members' sexually oriented personal profiles, photographs, and webcam videos. In addition, consumers can contact other members via e-mail, online chat, and bulletin boards on AdultFriendFinder.com. Through its Cams.com website (http://www.cams.com), Defendant markets and sells online, sexually oriented video webcam services to consumers, including what it touts is "the ultimate

live video chat site," "the best live webcam sex on the net," and "live sex webcams w/chat."

7. Defendant transacts or has transacted business in this District.

## COMMERCE

8. At all times relevant to this complaint, Defendant has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANT'S BUSINESS PRACTICES

### Overview

9. Since at least May 2006, Defendant has forced consumers, including minors, to view unsolicited sexually explicit online advertisements for AdultFriendFinder.com and Cams.com. Defendant, directly or through marketing partners acting on its behalf, including but not limited to its marketing affiliates, have used ad-serving software, often referred to as "spyware" or "adware," that has been installed on consumers' computers, often without consumers' knowledge or consent, to cause Defendant's sexually explicit, full-screen advertisements to "pop-up" on consumers' computer screens. These advertisements contain graphic images of fully or partially nude persons exhibiting their genitals and/or pubic areas and in many cases engaging in actual or simulated sexual conduct. Such ads have been displayed to computer users, including minors, who do not want to and who are not seeking out sexually explicit material. As set forth below, this unsolicited distribution of unwanted sexually explicit advertisements is an unfair act or practice in violation of Section 5 of the FTC Act.

### Defendant's Sexually Explicit Online Advertisements

10. Defendant has created, or caused others to create, online marketing media, including but not limited to pop-up advertisements, touting Defendant's adult-oriented online products and services, including its AdultFriendFinder.com and Cams.com websites. These pop-up advertisements appear as "windows" or "frames" on consumers' computer screens; they are in color and large in size, ranging from covering approximately three quarters to

1  virtually all of consumers' computer screens. The pop-ups appear without warning and they remain on consumers' computer screens unless and until the computer users click on an "X" button to close out of the pop-up.

11. A number of versions of Defendant's pop-ups are sexually explicit and depict "sexually explicit conduct" as that term is defined in 18 U.S.C. § 2256. For example, some of Defendant's sexually explicit ads display graphic images of fully or partially nude persons who are exhibiting their genitals and/or pubic areas in a sexually suggestive manner and in some cases are also engaging in actual and/or simulated sexual intercourse, including genital-genital, oral-genital, and anal-genital intercourse. Defendant's sexually explicit advertisements also typically include text that contains graphic, adult-oriented language.

12. For example, in one of Defendant's sexually explicit pop-ups for AdultFriendFinder.com, Defendant displays a "Search Results" area that shows profiles of purported AdultFriendFinder.com members who live in the consumer's geographic area and are seeking or offering various sexual activities, which are graphically described in the pop-up. Two member profiles are immediately visible in Defendant's pop-up, and there is a scroll-down arrow along the right side of the pop-up that allows a consumer to scroll down to see several additional member profiles.

13. In this example, the first member profile in the immediately viewable area purports to be from "teeniebabybrazil," who is identified as the "Official Recipient of the A.F.F. Junior Porn-Star Merit Badge," and is seeking "men, couples (man and woman) or groups." Defendant displays a corresponding photograph that shows a fully nude female and two fully and partially nude males. Their genitals and/or pubic areas are exhibited, and they are simultaneously engaging in oral-genital and anal-genital actual or simulated sexual intercourse.

14. In this same example, the second member profile in the immediately viewable area purports to be from "someonetoluv988," who is seeking "Men." Defendant displays a corresponding photograph that shows a fully nude female, in a reclining position, with

1  one leg bent, and her genitals and pubic area exhibited.

15. In this same example, there is also a "Quick Search" area in the pop-up, in which Defendant allows a consumer to enter his or her own gender, age, and location, and then select the desired sexual activity he or she is seeking. It contains a scroll-down box that contains a listing of sample sexual activities sought. The entries that are immediately viewable in the pop-up include: "1-on-1 Sex," "Group Sex (3 or more)," and "Bondage & Discipline."

16. In another example of a sexually explicit AdultFriendFinder pop-up, in the immediately viewable area of the pop-up, Defendant shows six different photographs of six purported member profiles. The first photograph shows a close-up graphic image of a woman's genitals. The second one shows a bare-breasted female, shown from the waist up. The third shows a fully nude female who is on her hands and knees. The fourth shows the same "someonetoluve988" member profile described above, depicting a fully nude female, in a reclining position, with one leg bent, and her genitals and pubic area exhibited. If a consumer scrolls down the pop-up, six more member profiles are visible, also containing images of bare-breasted females.

17. In an example of one of Defendant's sexually explicit pop-ups for Cams.com, the immediately viewable portion of the pop-up shows six different images of fully nude women with their genitals and/or pubic areas displayed, engaging in simulated genital and anal sexual intercourse with various objects, in addition to two images of bare-breasted women. In large print at the top of the pop-up, the advertisement touts that the Cams.com website contains "thousands of hot horny women" and "LIVE SEX W/CHAT!" In addition, in large, bold font at the top of the pop-up, Defendant boasts that Cams.com offers "The best live webcam sex on the net."

### Defendant's Unsolicited Distribution of Unwanted Sexually Explicit Online Advertisements to Consumers

18. Defendant uses a variety of third-party marketing partners to disseminate to consumers marketing materials advertising Defendant's websites on Defendant's behalf. These marketing partners include Defendant's large network of affiliates. Defendant's affiliates and other marketing partners use a variety of means to disseminate advertisements to computer users, including the use of ad-serving software (sometimes referred to as "adware" or "spyware") to display advertisements for Defendant's websites. Once such ad-serving software is installed on consumers' computers, often without the consumers' knowledge or consent, the software triggers the display of Defendant's pop-up advertisements.

19. In numerous instances, Defendant, either directly or through its marketing partners described in paragraph 18 above, causes sexually explicit marketing media advertising Defendant's websites, including but not limited to pop-up advertisements described in paragraphs 12-17 above, to be foisted on consumers who do not want to view and have not solicited sexually explicit content. In numerous instances, this marketing media is disseminated to consumers who are not affirmatively and concurrently accessing sexually explicit content on the Internet. For example, in numerous instances, computer users have received Defendant's sexually explicit pop-ups when they were not visiting a sexually explicit website.

20. Rather, in numerous instances, computer users, including minors, have received Defendant's sexually explicit pop-ups when they have been engaging in innocuous online activity, such as performing Internet searches using innocuous search terms. For example, Defendant's sexually explicit marketing media, including, but not limited to the pop-up advertisements described in paragraphs 11-17 above, have appeared on a user's computer screen when the user was performing Internet searches for terms such as "flowers," "travel," and "vacations."

21. Forcing consumers, including minors, to view Defendant's sexually explicit marketing

media on an unsolicited basis creates a risk of substantial consumer injury. This risk of injury is not reasonably avoidable by consumers and is not outweighed by benefits to consumers or competition. This is in part because consumers have not solicited the receipt of Defendant's sexually explicit marketing media. They receive Defendant's sexually explicit marketing media without warning and when they are engaging in innocuous online activity. In addition, consumers often have not consented to and are not aware of the installation of ad-serving software that, in numerous instances, triggers the display of Defendant's sexually explicit pop-ups. Even if consumers are aware that such ad-serving software has been installed on their computers, removing it can be extremely difficult.

## COUNT ONE

## VIOLATION OF THE FTC ACT

22. In numerous instances, in connection with the online advertising, marketing, sale, or offering for sale of Defendant's products and services to consumers, Defendant has caused, directly or indirectly, unwanted sexually explicit marketing media, including but not limited to the advertisements described in paragraphs 11-17 above, to be displayed on an unsolicited basis on the computer screens of consumers, including minors.

23. Defendant's actions have caused or are likely to cause substantial consumer injury that cannot be reasonably avoided and is not outweighed by countervailing benefits to consumers or competition.

24. Defendant's conduct, as described in Paragraphs 22 and 23, constitutes an unfair act or practice in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a).

## CONSUMER INJURY

25. Defendant's violations of Section 5 of the FTC Act, 15 U.S.C. § 45(a), as set forth above, have caused and continue to cause substantial injury to consumers. Absent injunctive relief by this Court, Defendant is likely to continue to injure consumers and harm the public interest.

## THE COURT'S POWER TO GRANT RELIEF

26. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and other ancillary relief to prevent and remedy any violations of any provision of law enforced by the FTC.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FTC, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and the Court's own equitable powers, requests that the Court:

1. Enter a permanent injunction to prevent future violations of the FTC Act by Defendant; and

2. Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Dated: December 5, 2007

Respectfully submitted,

WILLIAM BLUMENTHAL
General Counsel

JANIS CLAIRE KESTENBAUM, DC BAR # 449265
GARY L. IVENS, DC BAR # 415004
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., NW, Room 286
Washington, D.C. 20580
Phone: (202) 326-2222
Fax: (202) 326-3395
Email: jkestenbaum@ftc.gov, givens@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*