FILED
DEC 12 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
E-filing

WILLIAM BLUMENTHAL
GENERAL COUNSEL

JANIS CLAIRE KESTENBAUM
GARY L. IVENS
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW, H-286
Washington, DC 20580
Tel: (202) 326-2222
Fax: (202) 326-3395
Email: jkestenbaum@ftc.gov, givens@ftc,gov

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
## San José Division

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>VARIOUS, INC., a California Corporation, also d/b/a ADULTFRIENDFINDER, ADULTFRIENDFINDER.COM,<br><br>Defendant. | Civil No.:<br><br>**Stipulated Final Order for Permanent Injunction as to Defendant Various, Inc.**<br><br>JF<br><br>HRL |

Plaintiff, the Federal Trade Commission ("FTC"), has contemporaneously filed a complaint against defendant Various, Inc. ("Defendant") for injunctive and other equitable relief in this matter pursuant to Sections 5 and 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 53(b). The FTC and Defendant, by and through their counsel, have agreed to settlement of this action without adjudication of any issue of fact or law, and without Defendant admitting any of the non-jurisdictional facts alleged in the complaint or liability for any of the violations alleged in the complaint. To resolve all matters of dispute between them in this action,

1 the FTC and Defendant hereby stipulate to the entry of, and request the Court to enter, this Stipulated Final Order for Permanent Injunction ("Order").

**IT IS THEREFORE STIPULATED, AGREED, AND ORDERED** as follows:

1. This Court has jurisdiction over the subject matter of this case, and it has jurisdiction of all parties hereto pursuant to 15 U.S.C. §§ 45(a), 53(b), and 28 U.S.C. §§ 1331, 1337(a), and 1345;

2. Venue is proper as to all parties in the Northern District of California pursuant to 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b) and (c);

3. Defendant's activities are in or affecting "commerce" as that term is defined in Section 4 of the FTC Act, 15 U.S.C. § 44;

4. The facts that the FTC has stated in its complaint, if true, would state a claim upon which relief may be granted under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b);

5. Defendant has entered into this Order freely and without coercion, and Defendant acknowledges that it has read the provisions of this Order and is prepared to abide by them;

6. The undersigned, individually and by and through their counsel, have agreed that the entry of this Order resolves all matters of dispute between them arising from the complaint in this action, up to the date of entry of this Order;

7. Defendant waives all rights to seek appellate review or otherwise challenge or contest the validity of this Order. Defendant further waives and releases any claim it may have against the FTC, its employees, representatives, or agents;

8. Defendant agrees that this Order does not entitle Defendant to seek or to obtain attorney's fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996), and the parties further waive any rights to attorney's fees or costs that may arise under this Order or any other provision of law;

9. This Order is remedial in nature and shall not be deemed or construed as a fine,

damages, penalty or punitive assessment; and

10. Entry of this Order is in the public interest.

## ORDER

### DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

A. **"Marketing Affiliate"** means any person or entity who participates in an Affiliate Program, as defined below.

B. **"Affiliate Program"** means any program whereby any person or entity enters into an agreement with Defendant to disseminate or distribute online advertisements, promotions, or solicitations, on behalf of Defendant.

C. **"Defendant"** means Various, Inc., as defined below.

D. **"Document"** is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writing, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence, including e-mail and instant messages, photographs, audio and video recordings, contracts, accounting data, advertisements (including, but not limited to, advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, World Wide Web pages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, and other data compilations from which information can be obtained and translated. A draft or non-identical copy is a separate document within the meaning of the term.

E. **"Plaintiff"** means the Federal Trade Commission.

F. **"Sexually Explicit"** means any material that depicts, whether through images or written text, sexually explicit conduct (as that term is defined in section 2256 of title 18, United States Code), unless the depiction constitutes a small and insignificant part of the whole, the remainder of which is not primarily devoted to sexual matters.

G. **"Various, Inc."** or **"Various"** means Various, Inc., a California corporation with its

3

**Stipulated Final Order for Permanent Injunction**

principal place of business at 445 Sherman Avenue, Palo Alto, CA, including its d/b/a's (including, but not limited to, AdultFriendFinder, AdultFriendFinder.com, and Cams.com), successors, assigns, corporate affiliates, divisions, and subsidiaries.

## I.

## PROHIBITION AGAINST THE DISPLAY OF UNSOLICITED SEXUALLY EXPLICIT ADVERTISEMENTS FOR DEFENDANT'S PRODUCTS OR SERVICES

**IT IS THEREFORE ORDERED** that, in connection with promoting, marketing, advertising, offering for sale, selling, or distributing any product or service of Defendant, Defendant, and those persons in active concert or participation with it who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from causing, either directly or through Defendant's Marketing Affiliates or other third parties, any advertisement or promotion (including, but not limited to, a pop-up, pop-under, banner, frame, or window) for any of Defendant's products or services to appear on the computer screen of a consumer if such advertisement or promotion contains unsolicited sexually explicit material.

For purposes of this Order, sexually explicit material is "unsolicited" except when the computer user (A) is affirmatively and concurrently accessing sexually explicit content when the advertisement or promotion containing sexually explicit material is displayed or (B) has provided express consent, during the same Internet browsing session in which the sexually explicit advertisement or promotion is displayed, to view sexually explicit content. For purposes of this Order, "express consent" requires unavoidable, clear and prominent disclosure of all material terms, including that sexually explicit material will appear on the consumer's computer screen during the same Internet browsing session, and a fully functioning opt-in mechanism through which consumers can indicate their consent by clicking a button or by taking a substantially similar action.

*Provided, however*, that nothing in this Order shall be construed to limit or prohibit the display of sexually explicit material that does not appear in an advertisement or promotion for any of Defendant's products or services.

**Stipulated Final Order for Permanent Injunction**

## II.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for purposes of monitoring and investigating compliance with any provision of this Order,

A. Within ten (10) days of receipt of written notice from a representative of the FTC, Defendant shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in Defendant's possession or direct or indirect control to inspect the business operation;

B. In addition, the FTC is authorized to monitor compliance with this Order by all other lawful means, including but not limited to the following:

1. obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;

2. posing as consumers, suppliers, or marketing partners to the employees of Defendant, or any other entity managed or controlled in whole or in part by Defendant, without the necessity of identification or prior notice; and

C. Defendant shall permit representatives of the FTC to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

*Provided, however*, that nothing in this Order shall limit the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

///
///
///

**Stipulated Final Order for Permanent Injunction**

## III.

## MONITORING BY DEFENDANT OF ITS MARKETING AFFILIATES OR OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendant, directly or through any person, corporation, subsidiary, division, corporate affiliate or other device, in connection with advertising, promotion, marketing, offering for sale, sale, or provision of any product or service of Defendant in which sexually explicit material is displayed on or through the Internet, the World Wide Web, or any webpage or website in or affecting commerce, shall:

A.  Prospective Marketing Affiliates.  (1) Provide a copy of this Order to each Marketing Affiliate or other third party prior to any such person's or entity's acceptance into any marketing relationship with Defendant; (2) obtain from each such person or entity a signed and dated statement acknowledging receipt of this Order and expressly agreeing to comply with the Order, with any electronic signatures complying with the requirements of the Electronic Signatures in Global and National Commerce Act, ("E-Sign Act"), 15 U.S.C. § 7001 *et seq.*; (3) clearly and prominently disclose to any such person or entity that engaging in acts or practices prohibited by this Order will result in immediate termination from any of Defendant's affiliate or other marketing programs and forfeiture of all monies received or owed; (4) obtain contact information from any such person or entity.  In the case of a natural person, Defendant shall obtain such person's first and last name, mailing address, telephone number, e-mail address and information as to where payments are to be made.  In the case of other business entities, Defendant shall obtain the first and last name, mailing address, telephone number, and e-mail address for the natural person(s) who owns, manages, or controls each such entity and information as to where payments are to be made;

B.  Existing Marketing Affiliates.  Within thirty (30) days of service of this Order upon Defendant, (1) provide a copy of this Order to any existing Marketing Affiliate or

**Stipulated Final Order for Permanent Injunction**

other third party with which Defendant has a marketing relationship and obtain from each such person or entity a signed and dated statement acknowledging receipt of this Order and expressly agreeing to comply with the Order, with any electronic signatures complying with the requirements of the E-Sign Act, 15 U.S.C. § 7001 *et seq.*; (2) clearly and prominently disclose to each such person or entity that engaging in acts or practices prohibited by this Order will result in immediate termination from any of Defendant's affiliate or other marketing programs and forfeiture of all monies received or owed; and (3) obtain contact information, including the same types of information required by Subparagraph A of this Paragraph, from any such person or entity (if such information has not already been obtained by Defendant).

*Provided however*, that if Defendant terminates a Marketing Affiliate within thirty (30) days of service of this Order, Defendant shall not be required to satisfy the requirements of this Subparagraph with respect to any such terminated Marketing Affiliate;

C.   Establish, implement, and maintain a functioning email address or other Internet-based mechanism, including a hyperlink to a web-based complaint form, for consumers to report complaints regarding Defendant's advertisements or promotions that contain sexually explicit material. With respect to this complaint mechanism, Defendant shall: (1) clearly and conspicuously disclose the existence of such complaint mechanism on the first page of each of Defendant's websites containing sexually explicit material and its advertisements or promotions that contain sexually explicit material, whether those advertisements or promotions are disseminated by Defendant directly or through its Marketing Affiliates or other third parties; (2) identify, where feasible, the Marketing affiliate or other third party associated with the subject of the complaint; (3) identify, where feasible, the advertising or promotion that is the subject of the complaint; (4) identify, where feasible, the referring URL, if any, for the advertisement or other promotion; and (5) receive and respond to such complaints, if feasible, whether received directly or indirectly, in a timely manner;

D.   Promptly and completely investigate any complaints that Defendant receives through

7

**Stipulated Final Order for Permanent Injunction**

**Paragraph III.C** or any other source to determine whether Defendant or any of its Marketing Affiliates or other third parties has engaged or is engaging in acts or practices prohibited by this Order, whether directly or through another person or entity; and

E. Terminate, immediately, any Marketing Affiliate or other third party that Defendant reasonably concludes has engaged in or is engaging in acts or practices prohibited by this Order, whether directly or through another person or entity;

*Provided, however*, that this Paragraph does not authorize or require Defendant to take any action that violates any federal, state, or local law.

## IV.

## COMPLIANCE REPORTING BY DEFENDANT

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A. For a period of five (5) years from the date of entry of this Order, Defendant shall notify the FTC of any changes in the corporate structure of Defendant or any business entity that Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, provided that, with respect to any proposed change in the corporation about which Defendant learns less than thirty (30) days prior to the date such action is to take place, Defendant shall notify the FTC as soon as is practicable after obtaining such knowledge.

B. One hundred eighty (180) days after the date of entry of this Order, Defendant shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this

Order, including but not limited to **Paragraphs I, II, and III**. This report shall include, but not be limited to:

    1. A copy of each acknowledgment of receipt of this Order obtained by Defendant pursuant to **Paragraphs III and VI** of this Order; and

    2. Any other changes required to be reported under Subparagraph A of this Section.

**C.** For the purposes of this Order, Defendant shall, unless otherwise directed by the FTC's authorized representatives, mail all written notifications to the FTC to:

Associate Director for the Division of Enforcement

Federal Trade Commission

600 Pennsylvania Avenue, NW

Washington, DC  20580

Re:  FTC v. Various, Inc., Civil Action No. _____

**D.** For purposes of the compliance reporting and monitoring required by this Order, the FTC is authorized to communicate directly with Defendant.

## V.

## RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Order, Defendant, for any business that it directly or indirectly controls, or in which it has a majority ownership interest, in which the business is directly or indirectly engaged in the business of advertising, promoting, marketing, offering for sale or license, or selling or licensing any product or service via the Internet, and its agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

**A.** Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

**B.** Personnel records accurately reflecting the last known: name, address, and telephone

    number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.  Complaints concerning advertisements or promotions for Defendant's websites that contain sexually explicit material (whether received directly, indirectly or through any third party) and any responses to those complaints or requests;

D.  Copies of all unique advertisements or promotions for Defendant's products or services where such advertisements or promotions contain sexually explicit material, *provided however*, that where the sexually explicit material in two or more such advertisements or promotions is identical, only one copy of any such advertisement or promotion must be retained;

E.  All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, **Paragraphs I, II, and III**, copies of acknowledgments of receipt of this Order, required by **Paragraphs III, VI, and VII** and all reports submitted to the FTC pursuant to **Paragraphs II and IV** of this Order.

## VI.

## DISTRIBUTION OF ORDER BY DEFENDANT

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendant shall deliver copies of the Order as directed below:

A.  Defendant must deliver a copy of this Order to all of Defendant's employees, agents, and representatives who engage in conduct related to the subject matter of this Order. For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant. For new personnel, delivery shall occur prior to the new personnel assuming their responsibilities. Defendant must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery from all persons receiving a copy of the Order pursuant to this subparagraph.

**Stipulated Final Order for Permanent Injunction**

B.  Defendant must deliver a copy of this Order to any person or entity who acquires a majority ownership interest in Defendant through any means, including but not limited to, assignment, sale, merger, dissolution, or other action. Such delivery must occur prior to any such acquisition of a majority ownership interest in Defendant. Prior to any such acquisition of a majority ownership in Defendant, Defendant must secure a signed and dated statement acknowledging receipt of the Order from all persons receiving the Order pursuant to this subparagraph.

## VII.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT

**IT IS FURTHER ORDERED** that Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the FTC truthful sworn statements acknowledging receipt of this Order.

## VIII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED, this _____ day of _____, 2007

_____
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA

11

**Stipulated Final Order for Permanent Injunction**

1 | STIPULATED AND AGREED TO BY:

3 | DEFENDANT VARIOUS, INC.

By: _____  Dated: 9/28/07

ROBERT BRACKETT
PRESIDENT
VARIOUS, INC.
445 Sherman Avenue
Palo Alto, CA 94306

_____  Dated: 9/30/07

IRA P. ROTHKEN
ROTHKEN LAW FIRM LLP
3 Hamilton Landing, Suite 280
Novato, CA 94949-8248
Telephone: (415) 924-4250
*Counsel for Defendant Various, Inc.*

PLAINTIFF FEDERAL TRADE COMMISSION

By:

*[signature]*         Dated: DECEMBER 5, 2007

JANIS CLAIRE KESTENBAUM
GARY L. IVENS
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, N.W., H-286
Washington, DC 20580
Tel: (202) 326-2222
Fax: (202) 326-3395
Email: jkestenbaum@ftc.gov, givens@ftc.gov

*Counsel for Plaintiff Federal Trade Commission*

**Stipulated Final Order for Permanent Injunction**